## ABRAHAM D. YOUNG *vs.* INHABITANTS OF GARLAND.

The declarations of a witness that he is interested in the event of the cause, cannot be given in evidence to exclude him from testifying. The objection goes to his credit, but not to his competency.

The proceedings of a town in laying out a road, not authorized by any statute, although in accordance with a long usage of the town, are inadmissible to show the location or limits of a road.

A county road, or common highway, may be proved by usage, without first showing that there is no location of such way on record.

In an action against a town for an injury alleged to have been sustained by reason of a defect in a county road within the town, the writ may be amended by substituting *common highway* for *county road.*

EXCEPTIONS from the Court of Common Pleas, REDINGTON J. presiding.

This was an action on the case in which the plaintiff claimed damages for an injury done to his horse by reason of a defect or incumbrance, alleged in the writ to have been upon a county road in *Garland*, which the defendants were bound to maintain. Under the general leave to amend, the plaintiff filed a count, describing the road as a common highway; to which amendment the defendants objected, but the objection was overruled. The plaintiff introduced witnesses to prove the existence of a road within the ter-

mini described in the writ by usage.   The defendants' counsel in-
sisted, that the road being described in the writ as a county road,
the plaintiff was bound to show a location by the county commis-
sioners, or some other court having authority to locate what are
usually termed county roads.   He also insisted that parol evidence
of the existence, course and limits of a road, could not be intro-
duced until a foundation for its introduction had been laid, by show-
ing that a search had been made for record *evidence of* its location,
course and limits, and that no such evidence could be found ; and
he objected to the introduction of parol evidence for the reasons
aforesaid.   The objections were overruled by the Judge, and the
evidence was permitted to go to the jury.   A witness was called by
the plaintiff and was objected to by the defendants on the ground
of his interest in the action, and it was proposed to show his inter-
est by proving his declarations.     The evidence being objected to,
was ruled to be inadmissible, and was excluded, and the witness
was sworn and examined.   To show the actual limits and boun-
daries of the roads, the defendants offered to prove by the records
of the town, the proceedings of the town in opening the rangeway
between ranges eight and nine, which was the road in question,
and to prove by witnesses, that in the original location of lots in
the town by the proprietors, rangeways were reserved for roads
between the ranges of lots in locations, where it was supposed
roads would be wanted by the inhabitants, and that when the lots
were sold, they were bounded on these rangeways ; and that it had
always been the custom in that town, when the inhabitants wished
for a road upon any of the rangeways, to pass a vote at a town
meeting to open the rangeway, and that the range so opened was
considered by the town as a road, and that this was the only mode
adopted by the town of making roads upon the rangeways.   They
also offered to prove that the obstruction in question was several
feet beyond the limits of the rangeway before described.   But it
being objected that the doings of the proprietors could be shown
only by their records, and it being admitted that the *proceedings of*
the town in opening the road were not pursuant to the provisions of
any statute of the State ; the objection was sustained and the ev-
idence was excluded.   The defendants introduced witnesses who
testified, that between the log and the fence on the other side of the

road, the road was in such condition as to repair and width, that two loaded ox teams could safely and conveniently pass each other. The verdict was for the plaintiff, and the defendants filed exceptions.

*J. Appleton,* for the defendants, objected, that the testimony offered to show the declarations of the witness that he was interested were improperly excluded. 18 *Johns. R.* 98 ; *Coxe's R.* 47 ; 1 *Har. & J.* 105 ; 2 *Hayw.* 340 ; 2 *Munf.* 149.

The plaintiff should not have been permitted to give evidence of a way by usage, until it had been shown that search had been made for a record thereof, and that it was not found. Secondary evidence is not admissible, until it be proved that the primary cannot be had. *Avery v. Butters,* 1 *Fairf.* 405.

A town way can be proved only by the record. *Com. v. Low,* 3 *Pick.* 408 ; *Com. v. Newbury,* 2 *Pick.* 51.

The testimony offered by the defendants was important and material, and was improperly excluded. It was admissible to show the side lines of the way, which had been proved only by parol, and to show that there was ample room to pass without difficulty. 6 *Cowen,* 190.

*Blake,* for the plaintiff, said the allowing of the amendment was a mere act of discretion, to the exercise of which, exceptions do not lie. *Clapp v. Balch,* 3 *Greenl.* 216. No amendment however was necessary. County road and highway mean the same. *Com. v. Wilkinson,* 16 *Pick.* 175 ; *Stedman v. Southbridge,* 17 *Pick.* 165.

A highway, or county road, may be proved by usage, without showing that all the records of the courts had been searched. 17 *Pick.* 165 ; *Todd v. Rome,* 2 *Greenl.* 65. If it be true that all roads are originally by record, the result is the same ; for after twenty years usage, both the location of the road and the record of it will be presumed. *Rowell v. Montville,* 4 *Greenl.* 273.

It cannot be right to admit in evidence the proceedings of the town, which are admitted to be illegal. All the proof offered to show where the actual traveled road was, went to the jury. *Sprague v. Waite,* 17 *Pick.* 309.

Proof that a witness has admitted that he was interested, does

not exclude him. It goes to his credit, but not to his competency. *Commonwealth* v. *Waite*, 5 *Mass. R.* 261 ; *Peirce* v. *Chase*, 8 *Mass. R.* 487.

The opinion of the Court was drawn up by

EMERY J. — One matter of exception against the decision of the Court of Common Pleas is the exclusion of evidence as to the declarations of a proposed witness as to his interest. If a witness is sought to be excluded by proof of his declarations the attempt will be unavailing. It will go only to his credibility. Were it otherwise any one might deprive a party of the benefit of his testimony by a simple declaration that he was interested.

In *North Carolina*, it has been ruled that a witness conceiving himself interested, when in fact he is not, will not render him incompetent. *Harrison* v. *Harrison*, 2 *Hayward*, 355.

As to proof of admissions of declarations of witnesses respecting matters of religious opinion, in order for the Court to determine whether the expected witness be an atheist, it is adopted from the necessity of the case, as a man's mind can only be known from his declarations in conversation or writing. Yet it is considered as an entirely different affair in regard to the declaration by a proposed witness as to his pecuniary interest.

The defendants consider that their proposal to prove the opening of the road between the ranges 8 and 9, and the location of that as bearing on the question of usage and side lines, ought to have been received ; and that the accident happened without the range lines ; and that there was ample room for travelers to pass between the log and the fence on the other side of the road, was sufficient to sustain the defence.

It appearing on the exceptions that it was admitted that the proceedings of the town in opening the road were not pursuant to the provisions of any statute of the State, we are satisfied that the decision excluding the proof of custom of the town must be sustained.

It has been decided in *Massachusetts*, that a private way cannot be proved by usage. *Com'th* v. *Newbury*, 2 *Pick.* 5 ; *Com'th* v. *Low*, 3 *Pick.* 408.

A remark of *Shaw, C. J.* in *Stedman* v. *Southbridge*, 17 *Pick.* 162, was, that the allegation of injury on a town way could not

prove but that it was such a highway as the town was to repair, and that road or common road is used synonimously with highway. *Ancient Charters*, 267, 494, 308, 506, 612, that the word *road* is *generic* embracing every species of public way. We apprehend that the proof of the road by usage was altogether proper. It was a question of fact whether the accident happened within the limits of the road, which the jury have settled, and the defendants had the benefit of the testimony before them on this whole subject.

We have expressed our views on this subject independently of the amendment. But that amendment we see no reason to disapprove. The exceptions must be overruled.